**HUA LI, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,* Respondent.**

No. 08-2545-ag.

United States Court of Appeals, Second Circuit.

Sept. 1, 2009.

Robert J. Adinolfi, Louis & Adinolfi, LLC, New York, NY, for Petitioner.

Timothy Bo Stanton (Drew C. Brinkman, Ernesto H. Molina, Jr., Michael F. Hertz, on the brief), Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROSEMARY S. POOLER, PETER W. HALL, DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Hua Li ("Li") petitions this Court to review a final order of removal issued by the Board of Immigration Appeals ("Board") on May 8, 2008. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Li, who has three American-born children, argues that she is eligible for withholding of removal because in China there is a "pattern or practice" of sterilizing persons with two or more children.[1] We have some doubt as to whether Li preserved this issue for judicial review, but we nonetheless reach it because the Board appears to have. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir.2007).

"We review factual findings for 'substantial evidence,' and will not disturb them

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

1. Li concedes that the Real ID Act governs review of her claim and has also waived review of "any and all arguments" concerning the insertion of an IUD. Further, by not arguing them in her brief, Li has waived review of

the findings that: (1) her asylum application was time barred; (2) she was not credible; (3) she did not suffer past persecution; (4) she is ineligible for CAT protection; and (5) she did not satisfy the requirements of a motion to remand. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005) (stating that issues not argued in the briefs are considered waived and will not be addressed on appeal).

'unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Xiao Kui Lin v. Mukasey,* 553 F.3d 217, 220 (2d Cir.2009) (quoting 8 U.S.C. § 1252(b)(4)(B)). Upon review, we conclude that the Board's determination is supported by substantial evidence. The IJ found Li not to be credible, a finding which the Board affirmed, and which our review of the record reveals no basis to disturb. Further, on the facts of this case, neither the so-called *Guo* documents nor the newspaper articles Li points to would compel a reasonable adjudicator to grant Li's application. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 142 (2d Cir.2008). Finally, we decline Li's invitation to overturn *Shao. See County of Allegheny v. ACLU,* 492 U.S. 573, 668, 109 S.Ct. 3086, 106 L.Ed.2d 472 (1989) (Kennedy, J., concurring in judgment in part and dissenting in part) ("[T]he principle of *stare decisis* directs [the Court] to adhere . . . to the holdings of [its] prior cases . . . .").

Accordingly, the petition for review is **DENIED.**